Joseph S. May   SBN 245924
LAW OFFICE OF JOSEPH S. MAY
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 781-3333
Facsimile (415) 398-1414
joseph@josephmaylaw.com

Attorney for Plaintiff
RAMON OBAS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RAMON OBAS,<br><br>              Plaintiff,<br><br>       v.<br><br>COUNTY OF MONTEREY; and DOES 1-50, inclusive.<br><br>              Defendants. | CASE NO.: C 09-5540-PVT<br><br>**STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT** |

### **STIPULATION**

The Parties hereby stipulate to Plaintiff's filing of a First Amended Complaint in this matter, a copy of which is attached hereto as Exhibit A.

DATED: April 10, 2010            LAW OFFICE OF JOSEPH S. MAY


                                 _____
                                 Joseph S. May, Attorney for Plaintiff,
                                 Ramon Obas

1

2  Dated: April 12, 2010                              OFFICE OF THE COUNTY COUNSEL,
                                                      COUNTY OF MONTEREY
3

4

5
                                                      _____
6                                                     By: William M. Litt, Attorney for Defendant

7                                                     Pursuant to General Order 45, §X(B), the filer of
                                                      this document attests that he has received the
8                                                     concurrence of this signatory to file this document.

9

10
                                  ~~[PROPOSED]~~ **ORDER**
11
      It is HEREBY ORDERED that Plaintiff is granted leave to file a First Amended
12
Complaint, a copy of which is attached as Exhibit A hereto.
13

14

15
DATED:_____4/13/10_____                            _____
16                                                    PATRICIA V. TRUMBULL
                                                      United States Magistrate Judge
17

18

19

20

21

22

23

24

25

26

27

28
                                                  2
C-09-5540-PVT
STIPULATION AND ORDER TO FILE FIRST AMENDED COMPLAINT

Joseph S. May   SBN 245924
LAW OFFICE OF JOSEPH S. MAY
22 Battery Street, Suite 810
San Francisco, CA 94111
Telephone (415) 781-3333
Facsimile (415) 398-1414
joseph@josephmaylaw.com

Attorney for Plaintiff
RAMON OBAS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| RAMON OBAS,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF MONTEREY; CONAN HICKEY; CHARLES R. WEST; RICHARD RODRIGUEZ; JOHN JEFFERSON; MICHAEL MUSCUTT; and DOES 1-50, inclusive.<br><br>Defendants. | CASE NO.: C 09-5540-PVT<br><br>**FIRST AMENDED COMPLAINT** |

PLAINTIFF RAMON OBAS alleges as follows:

**INTRODUCTION**

1. This case involves the arrest by law enforcement officers in an unreasonable, reckless and deliberately wrongful manner, causing Plaintiff to suffer serious and permanent injuries, excruciating pain and suffering, and other damages.

**JURISDICTION**

2. This action arises under 42 U.S.C. §1983 due to the alleged deprivation of Plaintiff's Constitutional rights under color of state law, and includes state law causes of action based on the same factual allegations. This Court therefore has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

1

C09-5540-PVT
FIRST AMENDED COMPLAINT

**INTRA-DISTRICT ASSIGNMENT**

3. The facts giving rise to this action all arose in Monterey County, California, making the San Jose Division the proper assignment for this action.

**PARTIES**

4. Plaintiff RAMON OBAS is an adult over the age of eighteen and at all times herein alleged was and is a resident of Monterey County, California.

5. Defendant COUNTY OF MONTEREY (hereafter "MONTEREY") is a political subdivision of the state of California.

6. Defendant CONAN HICKEY is, and at all times relevant hereto was a Monterey County Sheriff's Office Deputy and a member of the Monterey County Joint Gang Task Force, and is being sued herein in his individual and official capacities.

7. Defendant CHARLES R. WEST is, and at all times relevant hereto was a Monterey County Sheriff's Office Deputy and a member of the Monterey County Joint Gang Task Force, and is being sued herein in his individual and official capacities.

8. Defendant RICHARD RODRIGUEZ is, and at all times relevant hereto was a Monterey County Sheriff's Office Sergeant and a member of the Monterey County Joint Gang Task Force, and is being sued herein in his individual and official capacities.

9. Defendant JOHN JEFFERSON is, and at all times relevant hereto was a Special Agent with the California Department of Corrections and Rehabilitation and a member of the Monterey County Joint Gang Task Force, and is being sued herein in his individual and official capacities.

10. Defendant MICHAEL MUSCUTT is, and at all times relevant hereto was an Officer with the Salinas Police Department and a member of the Monterey County Joint Gang Task Force, and is being sued herein in his individual and official capacities.

11. Defendants DOE 1 through DOE 50, inclusive, are as yet unidentified law enforcement officers, supervisors, or other personnel.

1  12.  Defendants DOE 1 through DOE 50, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiff. When their true names and capacities are ascertained, Plaintiff will amend this complaint by inserting their true names and capacities herein. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those defendants. Each reference in this complaint to "defendant," "defendants," or a specifically named defendant refers also to all defendants sued under fictitious names.

13.  Plaintiff is informed and believes and thereon alleges that at all times herein mentioned each of the defendants, including all defendants sued under fictitious names, was the agent and employee of each of the other defendants, and in doing the things hereinafter alleged, was acting within the course and scope of such agency and employment.

14. Defendants DOE 1 through DOE 50, in committing the acts and/or omissions herein alleged, were acting under color of state law, and are being sued in both their individual and official capacities.

**FACTUAL ALLEGATIONS**

15.  On the night of October 23, 2008, Plaintiff was standing on the second floor balcony of the apartment complex located at 10525 Seymour Street, in Castroville, California, when he noticed two men in plain clothes brandishing firearms rapidly coming up the stairs of the building towards Plaintiff.

16.  The two armed men did not announce their identities or the fact that they were law enforcement officers. However, Plaintiff is currently informed and believes and thereon alleges that these men were Defendants HICKEY and JEFFERSON.

17.  Reasonably believing that the men were seeking to attack and kill him, and that his life was in grave danger, Plaintiff leapt over the balcony railing onto the pavement below, sustaining severe and permanent injuries to both of his legs.

1	18.  The two men, who turned out to be law enforcement officers, approached Plaintiff,
2	who was immobilized due to the fall, and placed Plaintiff under arrest. Eventually several more
3	law enforcement officers arrived at the scene.

4	19.  Despite the severe injuries Plaintiff had suffered and his complaints consistent
5	therewith, the Defendant law enforcement officers turned away the emergency medical service
6	personnel who were dispatched to the scene.

7	20.  Two of the Defendant officers at the scene forced Plaintiff to his feet, causing him to
8	collapse.  The Defendant officers then dragged Plaintiff for several yards and placed him in a
9	patrol vehicle, whereupon they drove him to Natividad Medical Center in Salinas, California for
10	treatment.

11	21.  Plaintiff made diligent efforts to ascertain the identities of the individual officers
12	involved in the arrest, but was unable to do so due to the fact that according to the Monterey
13	County Sheriff's Office and the Salinas Police Department, there are no incident reports
14	regarding Plaintiff's arrest on October 23, 2008. However, Plaintiff is currently informed and
15	believes and thereon alleges that the officers who carried out the arrest and transport of Plaintiff
16	are the individual Defendants named herein.

17	22.  On April 20, 2009, Plaintiff submitted timely claims, in accordance with Cal. Gov.
18	Code §910 et seq., against MONTEREY and the City of Salinas.

19	23.  On April 30, 2009, the City of Salinas rejected the claim, indicating that the incident
20	occurred outside of the city limits, that it had no record of the alleged incident, and that
21	Plaintiff's claim was not actually against the City of Salinas. However, the City of Salinas's
22	rejection of Plaintiff's claims materially misled Plaintiff as Plaintiff is currently informed and
23	believes and thereon alleges that one of the officers involved in Plaintiff's arrest was Salinas
24	Police Officer Defendant MUSCUTT.

25	24.  On May 29, 2009, MONTEREY sent notice of rejection of Plaintiff's Government
26	Claim.

27	//

28
								4
C09-5540-PVT
FIRST AMENDED COMPLAINT

**FIRST CAUSE OF ACTION - NEGLIGENCE**
**(Against Defendants MONTEREY, HICKEY, WEST, RODRIGUEZ, and MUSCUTT)**

25. Plaintiff refers to paragraphs 1-24 of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

26. Defendants owed a duty to Plaintiff to use reasonable care in carrying out Plaintiff's arrest.

27. Under the circumstances of this case, the Defendant law enforcement officers who rapidly approached Plaintiff with guns drawn, and without announcing themselves as law enforcement officers, breached their respective duties of care.

28. Under the circumstances of this case, the Defendant law enforcement officers who denied emergency medical treatment to Plaintiff at the scene of the incident, and the Defendant officers who attempted to force Plaintiff, who had just fallen from the second story of a building and had suffered serious injuries to his legs, to stand and walk, all breached their respective duties of care.

29. As a direct and proximate result of the actions of these Defendants, Plaintiff suffered severe and permanent injuries and has sustained general and special damages in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**SECOND CAUSE OF ACTION - BATTERY**
**(Against Defendants HICKEY, WEST, RODRIGUEZ, and MUSCUTT)**

30. Plaintiff refers to paragraphs 1-29 of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

31. In doing the things alleged herein, Defendants acted with the intent to make a contact with Plaintiff's person, and in fact did make a harmful and offensive contact with Plaintiff's.

32. At no time did Plaintiff consent to any of the acts of Defendants alleged herein.

33. The aforementioned conduct of Defendants was willful and malicious and was intended to oppress and cause injury to Plaintiff, entitling Plaintiff to punitive damages.

//

//

5

34.  As a direct and proximate result of Defendants' conduct herein alleged, Plaintiff has suffered severe and permanent physical damages, pain and suffering, emotional distress, anxiety, monetary losses, and additional damages in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**THIRD CAUSE OF ACTION – CIVIL RIGHTS VIOLATION [42 U.S.C. §1983]**
**(As to all Defendants)**

35.  Plaintiff refers to paragraphs 1-34 of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point..

36.  In performing the acts and omissions alleged herein, Defendants acted (or failed to act) under color of state law to deprive Plaintiff of his Constitutional rights, including, but not limited to the right to be free from unreasonable searches and seizures, secured by the Fourth and Fourteenth Amendments to the United States Constitution.

37.  Defendants, and each of them, acted either intentionally to deprive Plaintiff of his Constitutional rights or with deliberate indifference and/or reckless disregard for such rights.

38.  Defendant MONTEREY had a custom and/or informal policy of failing to supervise and/or train its law enforcement officers, which failure directly resulted in the deprivation of Plaintiff's constitutional rights.

39.  As a direct and proximate result of Defendants' conduct alleged herein, Plaintiff has suffered damages in an amount according to proof at trial.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

**PRAYER**

WHEREFORE, PLAINTIFF prays for judgment against Defendants, jointly and severally, for all causes of action, as follows:

1. For general and special damages, in an amount according to proof at trial;

2. For punitive damages against those Defendants sued in their individual capacity;

3. For reasonable attorney's fees, pursuant to 42 U.S.C. §1988;

//

//

1   4. For costs of suit incurred in this action;

2   5. For such other and further relief as the Court may deem just and proper.

4   DATED: April ____, 2010                        LAW OFFICE OF JOSEPH S. MAY

7                                                  _____
                                                   Joseph S. May, Attorney for Plaintiff,
8                                                  Ramon Obas

7

C09-5540-PVT
FIRST AMENDED COMPLAINT